UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEREK NEWTON THOMAS,

    Petitioner,

v.                                              CASE NO. 6:08-cv-2190-Orl-35GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

On January 6, 2009, this Court denied Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 2), because Petitioner's prison account records indicated that he had $25.00 or more in his prison account at the time he filed his petition and because he received at least $140.00 into his prison account during the three months prior to the filing of his petition. *See* Doc. No. 4. Therefore, Petitioner was ordered to pay a $5.00 filing fee. On March 4, 2009, Petitioner filed a motion voluntarily to dismiss this case stating that he was unable to pay the $5.00 filing fee. *See* Doc. No. 7. On March 6, 2009, the Court granted Petitioner an additional thirty days to pay the filing fee.[1] *See* Doc. No. 8. Further, the Court notified Petitioner that if he was unable to pay the filing fee upon the expiration of thirty days, he could request additional time. *Id*. However, Petitioner was informed that if he did not pay the filing fee within thirty days and failed to request

---

[1] Pursuant to 28 U.S.C. § 1915(b)(4), a prisoner may not be "prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Rather than grant Petitioner's motion to voluntarily dismiss this case, the Court found it necessary to give Petitioner additional time within which to pay the filing fee.

additional time, the Court would thereafter grant his motion for voluntary dismissal. As of the date of this Order, Petitioner has failed to pay the filing fee or request additional time.

Accordingly, it is now **ORDERED AND ADJUDGED:**

1. Petitioner's motion for voluntary dismissal (Doc. No. 7) is **GRANTED,** and this case is hereby **DISMISSED** without prejudice. The Court notes, however, that the dismissal without prejudice does not excuse Petitioner from the one year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d).

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 20th day of April 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 4/20
Derek Newton Thomas